# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John Z. Lee | Sitting Judge if Other than Assigned Judge | Jeffrey Gilbert |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6615 | **DATE** | 5/17/2013 |
| **CASE TITLE** | Rupcich vs. United Food and Commercial Workers International Union, Local 881 et al | | |

**DOCKET ENTRY TEXT**

Plaintiff's Motion to Compel Documents and for Sanctions [Dkt.#36] is denied. See Statement below.

■[ For further details see Statement below.]

Notices mailed by Judicial staff.

# STATEMENT

This matter is a hybrid action under Section 301 of the Labor Management relations Act, in which Plaintiff alleges that defendant Jewel Food Stores ("Jewel") breached its collective bargaining agreement with defendant United Food and Commercial Workers International Union Local 881 ("Union") by terminating Plaintiff's employment without cause and that the Union breached its fiduciary duty owed to Plaintiff by failing to pursue her grievance to arbitration. Plaintiff filed the instant Motion to Compel Documents and for Sanctions, requesting that the Court compel Jewel and the Union to produce documents regarding certain alleged privileged communications between outside counsel for Jewel and the Union after the litigation was filed and to sanction Defendants for their failure to identify the documents as privileged in response to Plaintiff's initial discovery requests.

On October 23, 2012, Plaintiff served discovery requests, specifically seeking the following information in Request for Documents Nos. 15 and 17:

    15. All correspondence, emails or other communications between the Union and Jewel concerning, regarding, relating or referring to the incident that occurred on January 19, 2012 in a Jewel store involving Plaintiff.

    17. All correspondence, emails or other communications between Jewel between anyone at Jewel or acting for or on behalf of Jewel and anyone at the Union, acting for or on behalf of the Union, with respect to the incident that occurred on January 19, 2012 in a Jewel store involving Plaintiff, the subsequent suspension and termination of Plaintiff, and the grievance and arbitration process.

Both Jewel and the Union responded to the October 23, 2012 discovery requests, produced responsive documents in their possession and represented that they had not withheld any documents responsive to Request Nos. 15 and 17.

**STATEMENT**

On March 12, 2013, Plaintiff served a Supplemental Request for Production of Documents, requesting:

    1. All documents and/or correspondence concerning, regarding, relating, referencing, referring to or discussing mutual understanding(s) or joint defense agreements(s) between Jewel and Union; and

    2. All correspondence, emails or other communications between Defendant's counsel discussing mutual understanding(s) or joint defense agreement(s) with respect to defense of this case.

Both Defendants informed Plaintiff that they were withholding two documents and asserted a joint defense privilege, attorney-client privilege and/or attorney work product doctrine with regard to both.

Plaintiff argues that documents withheld as privileged in response to her March 12, 2013 Supplemental Request also were responsive to the her initial Request Nos. 15 and 17 served on October 23, 2012 and that because Defendants did not identify the documents as privileged previously, Defendants have waived the privilege and should be compelled to produce the documents. Plaintiff also argues that Defendants deceived her and should be sanctioned because they did not identify these documents earlier. Defendants disagree and argue that the documents being withheld are not responsive Plaintiff's October 23, 2012 initial discovery requests.

The Court agrees with Defendants and is not persuaded by Plaintiff's arguments. In her October 23, 2012 discovery requests, Plaintiff was seeking all documents between Jewel and the Union that involved a specific incident that occurred on January 19, 2012 in a Jewel store involving Plaintiff and her subsequent suspension and termination. A common sense interpretation of Request Nos. 15 and 17 does not encompass the communications between lawyers arising from the litigation after the lawsuit was filed. Rather, Request Nos. 15 and 17 sought documents from the actual parties involved (*i.e.*, Jewel and the Union) and their employees and/or representatives who were actually involved in the January 19, 2012 incident and the subsequent decision to suspend and then terminate Plaintiff. Common sense suggests that communications between attorneys after the litigation was filed are not the kind of information requested by Plaintiff in Request Nos. 15 and 17. Otherwise, every pleading filed, letters written or lawyer's note taken in connection with the preparation of this case for trial would be encompassed by Plaintiff's requests, and such requests would be stricken as overbraod.

Plaintiff also argues that the communications between counsel for Jewel and the Union that were withheld are not covered by a joint defense or common interest privilege. Plaintiff argues that Jewel and the Union do not have a strong identity of interest and therefore they are not entitled to the privileges afforded under a common defense theory or joint defense doctrine. Again, the Court is not persuaded by Plaintiff's argument. It is clear that both Jewel and the Union have a common legal interest in defending against and defeating Plaintiff's claims in this litigation.

Although the arguments on the joint defense or common interest doctrine may not be fully developed or joined by the parties, the Court wants to close the loop on this issue because this appears to be much ado about nothing. The Court has reviewed all of the documents submitted by Defendants *in camera*. These documents are exactly as defendant Jewel represented in its response to the instant Motion --- communications between Jewel's counsel and counsel for the Union regarding scheduling matters in the case, general strategy regarding discovery and the exchange of copies of documents that have been served in the case. These communications have nothing to do with the incident that occurred on January 19, 2012 as requested by Plaintiff in Request Nos. 15 and 17. Instead, these are communications between lawyers in a

**STATEMENT**

multi-defendant case about defending the case. The information sought by Plaintiff in Request Nos. 15 and 17 is what the actual parties said and did relating to the incident that occurred on January 19, 2012 and not the lawyers' communications about what the parties said or did. Such communications are not admissible into evidence and are not likely to lead to the discovery of admissible evidence.

Finally, both parties request that the Court impose sanctions on the opposing party. Plaintiff argues that Defendants should be sanctioned because they did not identify the privileged documents earlier in the litigation and did not produce a privilege log in a timely manner. Defendants argue that Plaintiff failed to comply with the requirements of Federal Rule of Civil Procedure 37 and Local Rule 37.2 and did not fully consult with Defendants on the issues raised in the instant Motion before filing it. None of these arguments are persuasive, and the Court declines to award sanctions to either party.

For all of these reasons, Plaintiff's Motion to Compel Documents and for Sanctions is denied.